**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Carla Cousin,

Plaintiff,

v.

ProCollect, Inc.,

Defendant.

Case No.:

**COMPLAINT WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's repeated, unauthorized calls to Plaintiff's cellular telephone to collect a debt that she does not owe. Plaintiff seeks monetary relief based on Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227, and the Georgia Fair Business Practices Act ("GFBPA"), O.G.C.A. § 10-1-393, *et seq.*

## PARTIES

1. Plaintiff, Carla Cousin, is a natural person who resides in Fulton County, Georgia.

2. Defendant, ProCollect, Inc., is a Texas corporation with its principal place of business located at 12170 N. Abrams Road, Suite 100, Dallas, Texas 75243.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over Plaintiff's FDCPA and TCPA claims pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Defendant is subject to the jurisdiction of this Court because Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district. Pursuant to LR 3.1B(3), NDGa, venue is

proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, which is in the Atlanta Division.

**FACTUAL ALLEGATIONS**

7. Plaintiff is the subscriber for the cellular telephone with the number 404-***-6760 (the "Cell Phone").

8. In early February 2016, Plaintiff received a call on her Cell Phone from phone number 214.382.4871.

9. When Plaintiff answered the call, there was a pause, and then a pre-recorded message stated that this was an urgent call for "Gerald XXXXXX" ("Gerald"), and instructed Plaintiff to hang up if she was not him.[1]

10. Not being Gerald, Plaintiff hung up.

11. Despite having hung up as instructed, Plaintiff received another call on her Cell Phone from phone number 214.382.4871, with the same pause followed by a pre-recorded message for Gerald.

12. Once again, Plaintiff hung up when prompted, but in doing so, Plaintiff did not obtain the identity of the caller, causing Plaintiff to worry that her Cell Phone security had been compromised.

---

[1] For privacy purposes, the individual's last name has been redacted.

13. Accordingly, when yet another call from phone number 214.382.4871 was placed to her Cell Phone, Plaintiff listened past the pause and the entire pre-recorded message in order to reach a live agent.

14. During that call, Plaintiff learned that it was Defendant who was placing the calls to her Cell Phone in an attempt to collect a debt (the "Debt") from Gerald.

15. Plaintiff advised Defendant's agent that Defendant had the wrong number, and she did not know Gerald.

16. Defendant's agent assured Plaintiff that Plaintiff's Cell Phone number would be removed from the call list, and the calls would stop.

17. Thirty minutes later, however, Plaintiff received another pre-recorded call from Defendant, once again attempting to collect the Debt from Gerald.

18. And, the collection calls continued, with Defendant calling Plaintiff's Cell Phone at least eight more times between February 15, 2016 and April 3, 2016.

19. As with the prior calls, when Plaintiff answered, she heard a pause followed by a pre-recorded message seeking Gerald.

20. Plaintiff grew more apprehensive that her Cell Phone security may have been compromised, and she attempted to find ways to stop the calls and protect her identity, including downloading programs to her Cell Phone and regularly wiping out personal data from her Cell Phone.

21. But, Plaintiff has been unable to escape or avoid Defendant's repetitive calls.

22. Attempts to "block" the calls still resulted in alerts to Plaintiff's Cell Phone, and the downloads caused her Cell Phone to crash on multiple occasions.

23. Plaintiff never provided consent to Defendant to be contacted on her Cell Phone.

24. And, upon information and belief, Plaintiff has no prior or existing business relationship with the creditor to whom the Debt is allegedly due.

25. Even, assuming *arguendo* consent had been given, Plaintiff explicitly revoked consent during her February 2016 call with Defendant's agent, and never provided any additional consent for Defendant to contact her thereafter.

26. Defendant's calls to Plaintiff's Cell Phone had no emergency purpose; rather, they were made in an attempt to collect a Debt from Gerald.

27. Moreover, based on the pause prior to the pre-recorded message playing, Plaintiff believes that Defendant used an autodialer or other predictive dialing equipment to make all of its calls to Plaintiff's Cell Phone.

28. Once Defendant knew that Plaintiff did not wish to be called and it was calling the wrong number, there was no purpose for placing additional, automated calls to Plaintiff's Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

29. As a direct result of Defendant's illegal collection attempts, Plaintiff suffered and continues to suffer from worry, frustration, and annoyance by Defendant's repeated and harassing calls to her Cell Phone.

30. Moreover, Plaintiff has lost a significant amount of time in answering Defendant's calls or otherwise attempting to stop Defendant's calls.

31. The calls have also resulted in the consumption of "minutes" as proscribed in her cellular service plan that has the end result of Plaintiff paying for the calls initiated by the Defendant (the "Cell Charges").

32. Plaintiff has further lost time and endured costs associated with obtaining legal counsel in order to enforce Defendant's compliance with the law.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *et seq.*

34. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully stated herein.

35. Upon information and belief, the Debt at issue arose out of a consumer, family, or household transaction, thereby meeting the definition of "debt" as that term is defined by 15 U.S.C. § 1692a(5).[2]

36. Defendant uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

---

[2] Plaintiff basis this statement on the information that Plaintiff has to date about Defendant's practice of collecting on consumer debts.

37. Specifically, Defendant is a national collection agency that regularly uses the mail and telephone communications throughout the United States, including Georgia, to collect, or attempt to collect, consumer debts on behalf of third-party creditors.

38. Defendant took the actions or omissions complained of herein in furtherance of its efforts to collect a purported consumer debt that Plaintiff does not owe.

39. Defendant violated 15 U.S.C. § 1692d(5) when it placed repeated and continuous calls to Plaintiff's Cell Phone; and, when it continued to call Plaintiff after she told Defendant that it had the wrong number and after Defendant agreed to stop calling her.

40. Defendant violated 15 U.S.C. § 1692f(5) when it caused Plaintiff to incur the Cell Charges by calling her Cell Phone repeatedly.

41. As a result of Defendant's violations of the FDCPA, Plaintiff suffered actual damages, including financial costs, mental anguish, and emotional distress.

42. Plaintiff is, therefore, entitled to recover actual damages under 15 U.S.C. § 1692k.

43. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages, as well as her reasonable attorneys' fees and costs.

**COUNT II**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)(1)(A)(iii)**

44. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully stated herein.

45. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated pre-recorded phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

46. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

48. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

**COUNT III**

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT O.C.G.A. § 10-1-393(a)**

49. Plaintiff incorporates by reference paragraphs 1 through 43 as though fully stated herein.

50. The GFBPA directs liberal interpretation and application, as well as in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1).

51. Defendant's violation of the FDCPA, as set forth above, is deemed a violation of the GFBPA.

52. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

53. As pled above, Defendant's conduct harmed Plaintiff.

54. Defendant regularly uses pre-recorded, automated calls in its debt collection efforts.

55. Upon information and belief, Defendant has a practice of continuing to make these calls even after it has received notification that it is calling the wrong number.[3]

56. Accordingly, Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

57. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the notification and demand provisions of O.C.G.A. § 10-1-399(b).

58. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

59. As a result of Defendant's willful and wanton violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

60. Defendant's actions were intentional, rendering it liable for treble damages pursuant to O.C.G.A. § 10-1-399(c).

---

[3] *See e.g.*, https://www.callercenter.com/214-382-4871.html; https://www.everycaller.com/phone-number/1-214-382-4871/.

61. Plaintiff is entitled to recover from Defendant her reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

62. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendant for:**

a.) Actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

d.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) and (c);

e.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k, O.C.G.A. § 10-1-399(d) and/or O.C.G.A. § 13-6-11; and

f.) Such other and further relief as may be just and proper.

Respectfully submitted, this 25th day of April, 2016.

*/s/ Samantha Tzoberi*
Samantha Tzoberi, Bar No.: 140809
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (770) 766-1230
Fax (678) 383-2598
stzoberi@mattberry.com
matt@mattberry.com
*Attorneys for Plaintiff*